## STATE v. RENO.
No. 5324.

Circuit Court, Dade County, Criminal Appeal.
February 25, 1964.

Richard R. Booth, Walters, Moore & Costanzo, Miami, for appellant.

Richard E. Gerstein, State Attorney, Roy S. Wood, Assistant State Attorney, for appellee.

HAL P. DEKLE, Circuit Judge.

From the record herein and the pleadings submitted by appellant and appellee to this court it appears that the appellant was before the Dade County criminal court of record for trial on an information charging him with breaking and entering, that he was permitted to plead and did plead guilty to trespass, that such plea was accepted and the defendant was adjudicated guilty of trespass, and sentenced to 30 days in the county jail.

Before such sentence was served or begun, it was set aside, and on November 21, 1961 the imposition of sentence was suspended from day to day and term to term until further order of the court. On the same day an order granting probation and fixing terms thereof was entered by the trial court, which was recorded on that day in minute book 61, on page 165. The record before this court is hereby corrected to add to it a certified copy of such order which is attached to the motion of appellee to correct the record, and hereby declared to be a part of the record in this case.

On October 23, 1962 the trial court, for reasons not apparent in the record, was moved to revoke the probation and impose sentence in this case — but the record shows that the defendant was not cited to show cause why his probation should not be revoked or given a hearing on the revocation. Upon such revocation the court imposed a sentence of 90 days in the county jail to begin upon the expiration of another sentence then pending against the defendant. It is from this revocation of probation and this 90 day sentence that the appeal in this case is taken.

The court is of the opinion that the revocation of probation without notice and without a hearing was erroneous. It follows that the imposition of a sentence upon such revocation of probation was likewise erroneous. Whether the trial court has jurisdiction to revoke the probation and upon such revocation, after appropriate notice and hearing, to sentence the defendant, appellant herein, this court expresses no opinion. It seems to the

court that the trial court must first have that question presented to it and be given an opportunity to pass upon it.

Consequently it is ordered and adjudged that the order of the criminal court of record revoking probation and the sentence imposed by the court on October 23, 1962, recorded in minute book 86, at page 219, be, and they are hereby, reversed with directions and leave to the trial court to consider whether it has jurisdiction at this time to revoke probation and impose sentence in the event it should revoke the probation after proper notice and hearing.